UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN HODAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:07CV1532 RWS |
| | ) | |
| OFFICE OF THE MISSOURI STATE | ) | |
| PUBLIC DEFENDER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Brian Hodak filed this action against the Office of the Missouri State Public Defender (MSPD), alleging violations of his Sixth and Fourteenth Amendment rights.[1] Hodak asserts that these violations arise out of the failure of the MSPD to provide legal representation for him in 2002 to defend against charges of assault and resisting arrest in the Municipal Court Division of the St. Charles County Circuit Court. The MSPD has filed a motion to dismiss Hodak's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Hodak's complaint fails to state a claim, I will grant the MPSD's motion to dismiss. I alternatively grant the motion to dismiss because Hodak has no right to be represented specifically by the MSPD.

*Background*

On October 18, 2001, Hodak was charged with the municipal criminal offenses of assault and resisting arrest in the Municipal Court Division of the St. Charles County Circuit Court. On April 30, 2002, he defended those charges pro se during a bench trial. Hodak was acquitted of

---

[1] Plaintiff Brian Hodak is a United States citizen and a resident of St. Charles County, Missouri. Defendant MPSD is a state agency created by legislative enactment, R.S.Mo. § 600.010 et seq.

the offense of assault, but was found guilty of the offense of resisting arrest and sentenced to pay a fine of $172.50. Hodak timely filed an appeal for trial de novo in the Circuit Court of St. Charles County, where he was arraigned on July 29, 2002. At the arraignment, the associate circuit court judge informed Hodak that the prosecutor was seeking a range of punishment under the municipal code of one to ninety days confinement in the St. Charles County jail and/or a fine of up to $500.

After arraignment, Hodak contacted the District 11 Public Defenders Office to obtain legal services in the defense of his resisting arrest charge.[2] He spoke with an attorney at the office and explained his charge and its potential range of punishment. The attorney informed Hodak that Missouri law prohibited the MSPD from representing him because his offense arose from a violation of a municipal ordinance.

On August 27, 2002, Hodak defended his case pro se in the Circuit Court of St. Charles County.[3] The following day, a jury found him guilty of the offense of resisting arrest and sentenced him to the maximum sentence possible, ninety days confinement.[4] In advance of the Court's scheduled sentencing date, Hodak contacted the District 11 Public Defenders Office

---

[2] It is unclear from the record whether the assault charge was also retried or was dismissed.

[3] In contrast to Hodak's present claims, the record reveals that one month before trial, both Hodak and the presiding Circuit Court Judge signed a written waiver of counsel form. Hodak later appealed his waiver of counsel, arguing that it was insufficient because it was made without disclosure on the record. City of St. Peters v. Hodak, 125 S.W.3d 892 (Mo. App. E.D. 2004).

[4] The jury further entered a verdict that Hodak pay a fine of $50.

seeking the appointment of counsel for the second time.[5] The Public Defenders Office again declined to represent Hodak, noting in its written response that "the Missouri State Public Defender's system does not provide legal representation for persons who are charged with a violation of municipal or county ordinances."

On September 30, 2002, the associate circuit court judge ordered that both the jury verdict of ninety days confinement and the $50.00 fine be entered as a judgement of conviction. The court stayed execution of the sentence, however, due to Hodak's psychological state through the pendency of the trial. Hodak contacted the District Defender for District 11 for the third time on October 24, 2002. Hodak informed the District Defender of his pending incarceration and sought the appointment of counsel for the purposes of appealing his conviction. In its written response, the District Defender again declined to provide Hodak with legal representation. The District Defender cited R.S.Mo. § 600.042.4(6), and explained that the MSPD does not handle either municipal court cases or appeals concerning municipal court cases.

In January, 2003, Hodak inherited $7,500.00 from his deceased mother's estate. He used this money to retain counsel to file his appeal, and his conviction was ultimately reversed. City of St. Peters v. Hodak, 125 S.W.3d 892 (Mo.App.E.D. 2004).[6] On appeal, Hodak alleged four points of error, including that his conviction warranted reversal because he executed a waiver of

---

[5] Hodak asserts in his complaint that he provided the requisite financial documents to prove indigency and qualify for the appointment of counsel. For the purposes of a motion to dismiss this alleged fact will be deemed to be true.

[6] Hodak refers to this case in his complaint. I have reviewed this case as a public record. The consideration of this case is permitted by Fed. R. Civ. P. 12(b)(6) without converting the motion to dismiss to a motion for summary judgment. See Enervations, Inc., 380 F.3d at 1069 (documents necessarily embraced by the complaint are not matters outside the pleadings).

counsel form absent disclosure on the record of the perils of self-representation. Id. Hodak further argued that the circuit court lacked subject matter jurisdiction to hear his trial de novo because the municipal division did not render a judgment as required by the trial de novo statute.[7]

The Missouri Court of Appeals did not address the merits of Hodak's case, but found that the record was devoid of the trial court's searching inquiry into the validity of the waiver that Missouri law requires.[8] Although the record revealed that the waiver form was signed approximately one month before trial, the appellate court held that the waiver was invalid because there was no record of a hearing accompanying it that would have given context to the circumstances under which the form was signed or indicate that the court advised Hodak of his constitutional right to counsel. The appellate court also concluded that the trial court had subject matter jurisdiction over the trial de novo, because the applicable rules contained no requirement that the word "judgment" appear on judgments of conviction in a municipal court.

Count I of Hodak's complaint seeks a declaratory judgment under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, for a violation of the Sixth and Fourteenth Amendments of the United States Constitution. Specifically, Hodak alleges that the MPSD has an official policy of refusing legal representation to indigent citizens of Missouri who are charged by state municipalities and subject to incarceration as a result of that charge. Further, Hodak asserts that the MPSD maintains the same policy for appeals, and he seeks a permanent injunction to end both alleged practices. In Count II, Hodak seeks to recover damages allegedly incurred by him as a result of the policy

---

[7] The trial court jury returned a verdict of ninety days confinement and a $50.00 fine.

[8] R.S.Mo. § 600.051. See State v. Schnelle, 924 S.W.2d 292, 293 (Mo. App. 1996).

articulated in Count I.

*Legal Standard*

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Hodak. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). Though matters outside the pleading may not be considered in deciding a motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading. Fed. R. Civ. P. 12; Enervations, Inc. v. Minnesota Mining & Manufacturing Co., 380 F.3d 1066, 1069 (8th Cir. 2004).

*Discussion*

*State Actor*

An initial question that must be addressed is whether the MSPD was deemed to be a state actor when it declined to represent Hodak in his various proceedings. Hodak asserts his claims against the MSPD through 42 U.S.C. § 1983. Section 1983 is a statutory vehicle through which an individual may bring claims of constitutional rights violations against state actors. As a threshold matter, § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-394 (1989). To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The requirement that a defendant act "under color of state law" is a jurisdictional requisite for a §

1983 action. Polk County v. Dodson, 454 U.S. 312, 317 (1981). A defendant acts "under color of state law" when he or she exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. Id. The determination of whether a public defender is a state actor for a particular purpose depends on the nature and context of the function that he or she is performing. Georgia v. McCollum, 505 U.S. 42, 54 (1991). In Polk County, the Supreme Court held that a public defender does not act "under color of state law" within the meaning of § 1983 when performing a lawyer's traditional functions as counsel to an indigent defendant. 454 U.S. at 334. The Court also noted, without deciding, that a public defender may act under color of state law while performing certain administrative, and possibly investigative, functions. Id. Section 600.042.4 of the Revised Statutes of Missouri articulates several situations in which Missouri public defenders are required to provide legal services to an eligible person, which include when the federal constitution or the state constitution requires the appointment of counsel, and a case in which a defendant faces a loss or deprivation of liberty. § 600.042.4(5)-(6).

Plaintiff Hodak brings the instant action against the Office of the Missouri State Public Defender, a Missouri state agency created by legislative enactment.[9] I find that when the MSPD decided not to represent Hodak, it was acting in an administrative capacity and under color of state law. At that juncture, the MSPD was not performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding or acting as the state's adversary. Polk County, 454 U.S. at 312-313. The MSPD was simply applying its interpretation of state law to determine whether it was required to represent Hodak. This is purely an administrative function.

---

[9]R.S.Mo. § 600.010 et seq.

*Injunctive Relief Against a State Agency*

Under the doctrine set forth in Ex Parte Young, 209 U.S. 123 (1908), state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment. Monroe v. Arkansas State University, et al., 495 F.3d 591, 594 (8th Cir. 2007). The same doctrine, however, does not extend to states or state agencies. Id. Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil liberties. Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989). The Eleventh Amendment bars such suits unless the state has waived its immunity because neither a state nor its agencies is considered a "person" within the meaning of §1983. Id.; Pennhurst State School & Hospital et al. v. Halderman, 465 U.S. 89, 101 (1984). This jurisdictional bar applies regardless of the nature of the relief sought. Id.

Because Hodak names only a state agency, the MSPD, as the sole defendant in this matter, Count I must be dismissed.

*Monetary Damages*

Hodak seeks actual and compensatory damages exceeding $100,000, costs, and attorney's fees in Count II of his complaint. I will grant the motion to dismiss Count II because it seeks monetary damages against a state agency, and such relief is proscribed by the Eleventh Amendment. Monroe, 495 F.3d at 594 (the Eleventh Amendment bars suits against state agencies for monetary damages or any other form of relief).

*Right to Counsel*

Even if Hodak had properly pled his claim for injunctive relief against the MSPD, it would still fail because the MSPD had no independent duty to represent Hodak in his municipal case. Missouri law makes representation in municipal cases discretionary: public defenders are neither required nor prohibited to provide legal services to persons charged with violations of county or municipal ordinances. R.S.Mo. § 600.042.4(6). The Sixth Amendment to the United States Constitution provides that every criminal defendant "shall enjoy the right to have the Assistance of Counsel for his defense." Johnson v. Zerbst, 304 U.S. 458 (1938); Gideon v. Wainwright, 372 U.S. 335 (1963) (making the rule in Johnson binding on the states). It does not, however, entitle a defendant to be represented by his choice of counsel. Caplin & Drysdale v. United States, 491 U.S. 617, 626-629 (1989). "[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Wheat v. United States, 486 U.S. 153, 159 (1988).

Case law is unclear as to when the right to counsel attaches for an indigent defendant charged with a misdemeanor offense. Some courts have applied a retroactive test, holding that there is no constitutional impediment to an uncounseled misdemeanor conviction where imprisonment is not imposed. See City of Springfield v. Waddell, 904 S.W.2d 499, 508 (Mo. Ct. App. 1995). In Argersinger v. Hamlin, 407 U.S. 25, 39 (1972), the Supreme Court held that the right to appointed counsel extends to misdemeanor and petty offense trials, at least where incarceration is *actually* imposed. This line of cases reasons that if an accused is merely fined and not sentenced to any term of imprisonment, he has no constitutional right to counsel. Id.

I will assume without deciding that, as an indigent defendant, and in the absence of a valid

waiver of counsel, Hodak's constitutional rights entitled him to representation by court-assigned counsel in this matter. Gideon v. Wainwright, 372 U.S. at 339-349; Caplin & Drysdale, 491 U.S. at 624. A defendant does not waive his right to an attorney if he fails to request one, see Brewer v. Williams, 430 U.S. 387, 404 (1977), but Hodak has not provided any authority for the premise that the MSPD, specifically, must provide the representation to which he is entitled. After the MSPD rejected Hodak's request for counsel, Hodak should have sought relief from the trial court and not the MSPD, because the MSPD had no independent duty to acquiesce to his demands. It is ultimately the court's duty, not the MSPD's duty, to provide counsel for an indigent defendant. Mo. R. Crim. P. § 37.50 (upon showing of indigency by a defendant, it is the duty of the judge to appoint counsel to represent the defendant).

*Standing*

Hodak seeks a permanent injunction enjoining the policy, custom, and practice of the MSPD of denying representation for municipal offenses, when incarceration is possible after conviction.

To determine whether an injunction is appropriate, I must consider four factors: (1) whether there is a substantial probability that the plaintiff will succeed at trial; (2) whether the moving party will suffer irreparable injury absent the injunction; (3) the harm to other interested parties if the relief is granted; and (4) the effect on the public interest. Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 112 (8th Cir. 1981). For the second factor, irreparable harm, the moving party must show real danger of harm. See Goff v. Harper, 60 F.3d 518, 521 (8th Cir. 1995) (injunctive relief denied where no irreparable harm was shown). Failure to show irreparable harm is an independently sufficient ground upon which to deny an injunction.

Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003).

Hodak's complaint does not allege that he is currently facing prosecution for a municipal or county violation. The criminal charges from which this lawsuit arises have been litigated, and the Missouri Court of Appeals reversed Hodak's judgement of conviction and remanded for a trial de novo. The record before this Court is devoid of any information about the outcome of Hodak's case on remand. Hodak's complaint does not allege any pending municipal charges or litigation. As a result, the threat of harm against Hodak is simply too remote. See Goff, 60 F.3d at 521. Hodak also seeks prospective injunctive relief against future actions of the MSPD. Attempting to anticipate whether and when Hodak will be charged with a crime in the future, however, goes into "the area of speculation and conjecture." O'Shea v. Littleton, 414 U.S. 448, 497 (1974). Because Hodak has alleged no set of facts to imply a present or future threat of harm, he lacks standing to seek injunctive relief.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Office of the Missouri State Public Defender's motion to dismiss Plaintiff Brian Hodak's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [#8] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of February, 2008.